IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBIN RAWLS**                                                    **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 2:22-CV-84-KS-MTP**

**BONNER ANALYTICAL TESTING COMPANY**                   **DEFENDANT**

ANSWER AND DEFENSES OF
BONNER ANALYTICAL TESTING COMPANY

The Defendant, Bonner Analytical Testing Company ("Batco"), by and through counsel, hereby files this Answer and Defenses to the Complaint of the Plaintiff, Robin Rawls ("Rawls"), as follows:

First Defense

The Complaint fails to state a claim upon which relief can be granted, and the Court should dismiss same pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Second Defense

Batco affirmatively pleads all rights, immunities, and defenses available to it under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Family and Medical Leave Act, 42 U.S.C. § 2601, *et seq.* ("FMLA").

Third Defense

Batco affirmatively pleads that, to the extent Rawls has failed to meet the procedural or administrative prerequisites set forth in Title VII, the ADA, and/or the FLMA, her claims should be dismissed.

## Fourth Defense

Any and all claims of Plaintiff raised under common law and/or state law are barred by the exclusivity of the Mississippi Workers' Compensation Act to the extent these claims are based upon an injury compensable under the Act.

## Fifth Defense

Plaintiff is estopped and barred from alleging any and/or all claims or causes of action which were not subject to a timely charge of discrimination filed with the Equal Opportunity Employment Commission ("EEOC").

## Sixth Defense

Batco specifically pleads the common law doctrine of "employment at will".

## Seventh Defense

Batco pleads all applicable statutory and common law immunities and/or privileges available to it.

## Eighth Defense

Batco affirmatively pleads that, at all times pertinent hereto, Batco acted in good faith and without malice toward Rawls.

## Ninth Defense

Batco affirmatively pleads that some or all of Rawls's claims and causes of action are barred by the applicable statutes of limitation and/or the equitable doctrines of laches, waiver, estoppel, and unclean hands.

## Tenth Defense

Batco affirmatively pleads all applicable provisions of MISS. CODE ANN. § 85-5-7, with respect to apportionment of liability, if any, said liability being expressly denied.

## Eleventh Defense

Since this matter is in its early stages and Batco does not have the benefit of full discovery, it affirmatively pleads that, to the extent that Rawls's alleged damages, if any, were not proximately caused by any alleged actions or conduct of Batco, which is denied, Batco is not liable for said damages, if any.

## Twelfth Defense

Since this action is in its early stages and Batco does not have the benefit of full discovery, it affirmatively pleads that, if the action or inaction of Rawls and/or any person or entity not a party to this action was the sole, proximate, and only cause of Rawls's alleged damages, if any, Batco is not liable for said damages, if any.

## Thirteenth Defense

Since this action is in its early stages and Batco does not have the benefit of full discovery, it affirmatively pleads that, if the action or inaction of Rawls and/or any person or entity not a party to this action, was a proximate contributing cause of Rawls's alleged damages, if any, Batco is not liable for said damages, if any.

## Fourteenth Defense

Since this action is in its early stages and Batco does not have the benefit of full discovery, it affirmatively pleads that, if the action or inaction of any person or

entity not a party to this action was a superseding, intervening cause of Rawls's alleged damages, if any, Batco is not liable for said damages, if any.

## Fifteenth Defense

To the extent Rawls's own acts and/or omissions caused or contributed to the events and circumstances alleged in the Complaint and/or Rawls's alleged damages, if any, Batco is not liable to Rawls.

## Sixteenth Defense

Rawls has a duty and obligation to mitigate her damages, if any.  If Rawls has failed and/or refused to mitigate her alleged damages, she should not be allowed to recover any damages from Batco that resulted from such failure and/or refusal to mitigate.

## Seventeenth Defense

To the extent Rawls has received payment or compensation from any person or entity not a party to this action as compensation for her alleged damages, the doctrine of accord and satisfaction applies, and Batco is entitled to a setoff or credit for this compensation received, if any, should it be found liable to Rawls, said liability being expressly denied.

## Eighteenth Defense

To the extent Rawls's alleged damages, if any, are not related to any alleged act or omission of Batco, or are the result of any pre-existing condition, Rawls is not entitled to recover any such damages from Batco said liability for any damages to Rawls being expressly denied.

### Nineteenth Defense

Batco affirmatively pleads all provisions of MISS. CODE ANN. § 11-1-60, *et seq.,* concerning limitations on damages, if any, claimed by Rawls, said liability for these alleged damages, if any, being expressly denied.

### Twentieth Defense

Without waiving any other defenses herein, Batco pleads that the imposition of punitive damages in this case would contravene the due process clauses of the United States Constitution and the Constitution of the State of Mississippi and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

(1)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof that is lower than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(3)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(4)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(5)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, which thus violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(6)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine and/or administrative penalty for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(7)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(8)    The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages;

(9)    The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined;

(10)   An award of punitive damages would constitute an arbitrary and capricious taking of property of Batco without due process of law; and

(11)   The imposition of punitive damages against Batco based upon theories of respondent superior, vicarious liability, or joint and several liability, violates the due process clause of the Fourteenth Amendment to the United States Constitution.

## Twenty-First Defense

Without waiving any of the defenses asserted herein, Batco pleads that the allegations with regard to punitive and/or exemplary damages as set forth by Rawls in the Complaint are subject to the terms, provisions, and adjudicatory procedures established under MISS. CODE ANN. § 11-1-65, as to: the standard for determining the appropriateness, or the appropriate size, of a punitive damages award; the limits of punitive damages; the standard for determining liability for punitive damages; bifurcation; and as to the standards of judicial review (but only to the extent that said

statute does not otherwise violate Batco's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Mississippi constitutional provisions relative to due process, equal protection, and the guarantee against double jeopardy, as no sufficient standard for application to Rawls exists).

### Twenty-Second Defense

Without waiving any of the defenses asserted herein and explicitly denying it has any liability whatsoever to Rawls for punitive damages, Batco affirmatively pleads all provisions of MISS. CODE ANN. § 11-1-65, including but not limited to the limitations on the amount of punitive damages that can be awarded as set forth in MISS. CODE ANN. § 11-1-65(3).

### Twenty-Third Defense

Batco affirmatively pleads all provisions of MISS. CODE ANN. § 11-1-60, *et seq.*, concerning limitations on damages, if any, claimed by Rawls, said liability for these alleged damages, if any, being expressly denied.

### Twenty-Fourth Defense

Batco affirmatively pleads that, to the extent any State or Federal law allows it to recover its attorneys' fees and costs incurred in defending this action, Batco hereby invokes these rights of recovery.

<u>**Twenty-Fifth Defense – ANSWER**</u>

AND NOW, in response to the numbered paragraphs in Rawls's Complaint, Batco responds as follows:

To the extent the allegations of the first unnumbered paragraph of the Complaint, beginning with the word "This" and ending with the word "action," attempt to impose liability on Batco, they are denied.

1.     Based on information and belief, Plaintiff is a resident of Lamar County. The remaining allegations of Paragraph 1 of the Complaint are denied.

2.     The allegations of Paragraph 2 of the Complaint are denied.  Batco is a corporation incorporated under the laws of the State of Mississippi and in good standing.

3.     The allegations of Paragraph 3 of the Complaint are denied as stated. The Circuit Court of Lamar County, Mississippi, is but one court which may have subject-matter jurisdiction over this action and personal jurisdiction over the parties and in which venue may be proper.  This Court also has jurisdiction over the claims raised in the Complaint and the parties, and venue is proper in this Court.

4.     The allegations of Paragraph 4 of the Complaint are admitted.

5.     The allegations of Paragraph 5 of the Complaint are admitted.

6.     The allegations of Paragraph 6 of the Complaint are admitted.

7.     The allegations of Paragraph 7 of the Complaint are denied.

8.     The allegations of Paragraph 8 of the Complaint are denied.

9.     The allegations of Paragraph 9 of the Complaint are denied.

10.     The allegations of Paragraph 10 of the Complaint are denied.

11.     The allegations of Paragraph 11 of the Complaint are denied.

The allegations of the first unnumbered paragraph following Paragraph 11 of the Complaint, beginning with the word "Plaintiff" and ending with the word "fees," are denied, and Batco further specifically denies that Rawls is entitled to any judgment or other relief whatsoever in this case.

### Twenty-Sixth Defense

By answering the allegations of the Complaint and/or admitting certain allegations contained therein, Batco does not admit that it or its employees committed any wrongdoing of any type.  Furthermore, Batco specifically denies every material allegation of the Complaint which has not previously been specifically admitted.

### Twenty-Seventh Defense

Since this matter is in its early stages of litigation and Batco does not have the benefit of full discovery, it pleads all applicable rights and affirmative defenses available to it, existing under Federal and/or State law, statute, regulation, and rule, including but not limited to those defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

### Twenty-Eighth Defense

Without waiving any of the defenses elsewhere asserted herein, Batco specifically reserves the right to raise and assert other and future defenses as may be

necessary in the defense of this cause, as the investigation of and discovery in this matter continues.

ACCORDINGLY, and based on the foregoing, the Defendant, Bonner Analytical Testing Company, requests that, after summary proceedings and/or jury trial, this Court will enter a judgment in its favor, dismissing Rawls's Complaint and all causes of action therein pled, with prejudice, with all costs associated therewith, including but not limited to all attorneys' fees and expenses incurred by Batco in the defense of this action, to be taxed to Rawls.  Batco further requests all additional relief to which it is entitled at law or in equity.

RESPECTFULLY SUBMITTED, this the 15th day of July 2022.

> **BONNER ANALYTICAL**
> **TESTING COMPANY**
>
> By:   */s/ Matthew D. Miller*
>        MATTHEW D. MILLER

Matthew D. Miller (MSB #99210)
Nicholas K. Thompson (MSB #103259)
Andrea Boyles Pacific (MSB #104806)
Copeland Cook Taylor and Bush, P.A.
P.O. Box 17619
Hattiesburg, MS 39404
110 Sheffield Loop (39402)
(601) 264-6670 (phone)
mmiller@cctb.com
nthompson@cctb.com
apacific@cctb.com

<u>Certificate of Service</u>

I, the undersigned attorney of record for the Defendant, hereby certify that I have this day filed a true and correct copy of the above and foregoing document using the Court's CM/ECF electronic filing system, which sent notice of such filing and provided an electronic copy of said document to the following:

>   Daniel M. Waide
>   Johnson Ratliff & Waide, PLLC
>   1300 Hardy Street
>   Hattiesburg, MS 39401
>   dwaide@jhrlaw.net

This the 15th day of July, 2022.

>>>   */s/ Matthew D. Miller*
>>>   MATTHEW D. MILLER